UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KASSANDRA BLISSETT,

    Plaintiff,

v.                                                  Case No: 6:16-cv-953-Orl-40TBS

CITY OF DEBARY and DAN
PARROTT,

    Defendants.

### ORDER

This cause comes before the Court on Defendant City of DeBary's Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (Doc. 37), filed February 15, 2017. On March 20, 2017, Plaintiff responded in opposition. (Doc. 40). Upon consideration, the Court will grant in part and deny in part Defendant's Motion to Dismiss.

### I. BACKGROUND[1]

On September 14, 2009, Plaintiff, Kassandra Blissett ("Blissett"), was hired by Defendant, City of DeBary (the "City"), as interim City Manager. (2d Am. Compl. ¶ 11). On February 8, 2010, the City hired Defendant, Dan Parrott ("Parrott"), as City Manager. (*Id.* ¶ 12). The City thereafter offered Blissett a position as Assistant City Manager, which she accepted. (*Id.*).

---

[1] This account of the facts is taken from Plaintiff's Second Amended Complaint (Doc. 35), the factual allegations of which the Court accepts as true when considering Defendant's Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

1

Blissett states that, during the course of her employment with the City, Parrott subjected her to ongoing and pervasive sexist remarks and discriminatory actions on account of her sex. (*Id.* ¶¶ 13, 14–17). Blissett also alleges that Parrott, as acting City Manager, created and implemented a new compensation plan for the City that gave higher raises to male employees than to female employees. (*Id.* ¶¶ 14, 18, 19, 117–122). Perceiving her rights to have been violated by these acts, Blissett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 6, 2015. (*Id.* ¶ 20). The City, through Parrott, received a copy of Blissett's EEOC charge the same day. (*Id.* ¶ 21). Three days later, the City eliminated the position of Assistant City Manager and terminated Blissett. (*Id.* ¶ 22). Blissett alleges that the City's elimination of the Assistant City Manager position and her resulting termination were due to her protected activities, including her filing of the EEOC charge. (*Id.* ¶¶ 27, 28).

Blissett initiated this lawsuit on June 2, 2016, and filed a Second Amended Complaint on February 1, 2017, which remains her operative pleading. Blissett asserts a total of nine counts against the City. Count I alleges sex discrimination in violation of the Equal Pay Act. Counts II and IV allege sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"), respectively. Counts III and V allege retaliation in violation of Title VII and the FCRA, respectively. Count VI alleges a violation of her rights under the First Amendment. Counts VII and VIII allege violations of the Fourteenth Amendment's Due Process Clause and Equal Protection Clause, respectively. Lastly, Count X alleges state law claims for negligent hiring, retention, and supervision. The City now moves to dismiss several of Blissett's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

## III. DISCUSSION

Plaintiff moves to dismiss Counts I, II, IV, VIII, and X, along with Blissett's requests for punitive damages, for failing to state claims upon which relief can be granted. The Court addresses each claim in turn.

### A. Count I: Violation of the Equal Pay Act

The City moves to dismiss Blissett's Equal Pay Act claim on the ground that Blissett fails to allege facts demonstrating that she was paid less than a similarly-situated male employee for equal work.

The Equal Pay Act prohibits employers from paying different wages to similarly-situated employees at different rates on account of sex. 29 U.S.C. § 206(d)(1). To state a claim for sex discrimination under the Equal Pay Act, a plaintiff "must show that the

employer paid employees of one gender lower wages for equal work which required 'equal skill, effort, and responsibility, and which [was] performed under similar working conditions.'" *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (per curiam) (quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1078 (11th Cir. 2003)), *cert. denied*, 135 S. Ct. 106 (2014).

Blissett ultimately fails to provide facts supporting an inference that she was paid less than a similarly-situated male employee for the same work. The most Blissett alleges is that the City's Parks and Recreation Director and PW Superintendent, both of whom are male, "received greater percentage increases in their salar[ies]" than she did when the City enacted its new compensation plan. (2d Am. Compl. ¶ 37). However, Blissett acknowledges that neither of these two employees were similarly situated to her. Blissett states that the skill, effort, and responsibilities required of her position as Assistant City Manager were "substantially greater" than those required of both the Parks and Recreation Director and the PW Superintendent. (*Id.* ¶ 36). Blissett further concedes that, due to her greater skill, effort, and responsibilities, she was compensated at a pay grade three levels higher than these male employees. (*Id.* ¶ 37). As a result, the Court cannot reasonably infer that Blissett was paid less than a similarly-situated male employee for the same work. Blissett's Equal Pay Act claim will therefore be dismissed.

    **B.**    **Counts II and IV: Sex Discrimination Under Title VII and the FCRA**

The City moves to dismiss Blissett's Title VII and FCRA sex discrimination claims on the ground that Blissett fails to allege facts demonstrating that she was compensated differently than a similarly-situated male employee.

Title VII and the FCRA proscribe employers from discriminating against employees on account of the employee's sex.[2] *See* 42 U.S.C. § 2000e-2(a); Fla. Stat. § 760.10 (1)(a). Contrary to the City's argument in its motion to dismiss, a plaintiff need not allege facts establishing a classic *McDonnell Douglas* prima facie case in order to state a claim under either Title VII or the FCRA. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Rather, all that is required is for the plaintiff to allege sufficient facts which, taken as true, suggest that the employer subjected the plaintiff to discrimination due to her sex. *See id.* ("[T]he ordinary rules for assessing the sufficiency of a complaint apply [to Title VII claims]."); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239 (11th Cir. 2015) (per curiam) (observing the same principle).

Here, Blissett claims that the City discriminated against her on the basis of sex when it provided higher pay increases to male employees than what she received, despite the fact that she had greater skills and responsibilities in her position as Assistant City Manager. (2d Am. Compl. ¶¶ 44–49). While these allegations are not enough to sustain Blissett's Equal Pay Act claim because they fail to show that Blissett was paid less than a comparable male employee, they are sufficient to suggest that the City compensated Blissett differently than male employees because the male employees received more favorable raises. Blissett further alleges that Parrott, who was City Manager at the time and who implemented the City's new pay structure, made numerous sexist remarks to Blissett over the course of her employment, including remarks about women not being

---

[2] The FCRA is modeled after Title VII, and Florida courts look to federal case law interpreting Title VII when analyzing the FCRA. *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 n.3 (Fla. Dist. Ct. App. 2002) (per curiam). The Court therefore applies the same analysis to Blissett's Title VII and FCRA claims.

5

able to think clearly, women being too emotional, and there being "too much estrogen" in the work place. (*Id.* ¶ 14). Parrott also called Blissett "the county whore" and referred to Blissett and other female employees as "bitches." (*Id.*). Based on these derogatory statements, the Court can reasonably infer that the reason the City compensated Blissett differently than the City's male employees was because of her sex. Blissett therefore states claims for sex discrimination under Title VII and the FCRA.

### C. Count VIII: Violation of the Equal Protection Clause

The City moves to dismiss Blissett's Equal Protection Clause claim[3] on the ground that she fails to allege sufficient facts showing that she was treated differently than a similarly-situated male employee.

The Fourteenth Amendment's Equal Protection Clause guarantees the right of every person to be treated equally under the law and to be free from intentional and arbitrary discrimination in the law. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). To state a claim under the Equal Protection Clause where the plaintiff sues a government entity in its capacity as the plaintiff's employer, as is the case here, the plaintiff must allege sufficient facts showing that (1) the government employer treated a class of employees differently than a similarly-situated class of employees on account of a protected characteristic, and (2) the plaintiff belongs to the protected class of employees. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 605 (2008) ("[O]ur cases make clear that the Equal Protection Clause is implicated when the government makes

---

[3] Blissett brings her Equal Protection Clause claim pursuant to 42 U.S.C. § 1983, which provides a private right of action for persons to vindicate the violation of their constitutional rights.

6

class-based decisions in the employment context, treating distinct groups of individuals categorically differently.").

In this case, Blissett alleges that the City implemented a new employee compensation plan that favored the City's male employees over its female employees, including herself. Blissett asserts that the City's plan "provid[ed] an average pay increase of 2.13% for all female employees and 12.54% for male employees." (2d Am. Compl. ¶ 117). Blissett additionally claims that the City downgraded the pay of certain female employees and gave higher raises to male employees than to female employees holding the same positions. (*Id.* ¶¶ 118, 121–122). As for her own compensation, Blissett states that she received a lower raise than male employees with less responsibilities and experience. (*Id.* ¶¶ 119, 120). From these factual allegations, the Court can reasonably infer that the City's new employee compensation plan treated employees differently based on sex. This inference is further bolstered by the sexist comments attributed to Parrott, who was responsible for creating and implementing the City's new compensation plan. (*See id.* ¶¶ 14, 115, 116). Blissett therefore states a claim under the Fourteenth Amendment's Equal Protection Clause.

**D.    Count X: Negligent Hiring, Retention, and Supervision**

The City moves to dismiss Blissett's state law negligence claims for failing to satisfy conditions precedent for suing the City in tort. To sue a municipality like the City for negligence, Florida law requires a plaintiff to first submit a written claim to the municipality, after which the municipality has six months to resolve the claim. *See* Fla. Stat. § 768.28(6). Only after the municipality has denied the claim or failed to resolve the claim within the time provided by the statute may the plaintiff then sue the municipality. *Levine*

*v. Dade Cty. Sch. Bd.*, 442 So. 2d 210, 212 (Fla. 1983). The plaintiff's failure to follow this procedure requires dismissal. *See id.* at 212–13.

In her response, Blissett concedes that she has not yet satisfied Florida's statutory condition precedent for bringing her negligence claims against the City. The Court will therefore dismiss those claims without prejudice.[4]

### E. Claims for Punitive Damages

Lastly, the City moves to dismiss Blissett's claims for punitive damages. In her response, Blissett acknowledges that punitive damages are not available for the claims she brings and, therefore, withdraws her claims for those damages.

### F. Leave to Amend

As a final matter, the Court considers Blissett's request for leave to amend her Equal Pay Act claim. Although Blissett is on her Second Amended Complaint, this Order represents the first opportunity the Court has had to address the validity of her claims. Because the Court cannot say at this time that Blissett's Equal Pay Act claim is futile, the Court will grant leave to amend.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant City of DeBary's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 37) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Counts I and X, which are **DISMISSED WITHOUT PREJUDICE**. The motion is otherwise

---

[4] In her response, Blissett requests that the Court remand her negligence claims to the state court pending the City's decision on her statutory claim. However, this case was not removed from state court, but was initiated in this Court. Accordingly, dismissal is the proper action for Blissett's negligence claims.

denied. Plaintiff has **seven (7) days** from the date of this Order to file a Third Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on April 14, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record